## Valida Densby, Appellee, v. Henry F. Umbricht, Appellant.

### Gen. No. 21,317.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. E. M. VANDEVENTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed July 20, 1916.

### Statement of the Case.

Action in tort brought on behalf of Valida Densby, plaintiff, by her next friend, against John Umbricht, Clara Ritter (sued by her maiden name, Clara Umbricht), Henry F. Umbricht and Chicago Bank & Office Fixture Company, a corporation, defendants, to recover damages for injuries sustained by being struck by an automobile, alleged to be owned, managed and operated by said defendants. The action was subsequently dismissed as to the Chicago Bank & Office Fixture Company and John Umbricht (the latter having died), and proceeded to trial as to Henry F. Umbricht and Clara Ritter. Henry F. Umbricht, in addition to the plea of the general issue, filed a special plea denying ownership and operation of the automobile in question. There was a trial by jury resulting in a verdict for plaintiff in the sum of $3,250 against both defendants. A remittitur of $500 having been entered, defendants' motions for a new trial and in arrest of judgment were overruled and judgment entered on the verdict for $2,750 against each defendant. From such judgment, Henry F. Umbricht appeals.

Before entry of final judgment, it was suggested of record that plaintiff, since the commencement of suit, had arrived at legal age, and all pleadings were accordingly amended by striking therefrom the words "Marshall O. Densby, her father and next friend," wherever the said words appear therein.

Plaintiff's evidence tended to show that on July 18, 1912, the defendants Clara Ritter and Henry F. Umbricht, together with Emil Umbricht, his brother, were riding in an automobile on Jackson Boulevard (in the City of Chicago), in an easterly direction; that when the automobile reached the west line of Wood street, it "swerved or zigzagged" in a northeasterly direction, passing over the curbstone and the parkway between the curbstone and sidewalk at the northeast corner of the intersection of said streets, and upon the sidewalk there, where plaintiff was walking, striking her with such force as to render her unconscious and to sustain injuries serious and permanent. The automobile continued in its onward course, crashing into the porch of an adjacent brick house, and stopping after the forward portion of said automobile had partially descended the basement steps thereof. There was a conflict of evidence as to the speed at which the car was driven at the time and place in question.

It was admitted that the front seat of the car was occupied by Clara Ritter and her two uncles, Henry F. Umbricht and Emil Umbricht. The evidence of plaintiff tended to show that these three persons were the only occupants thereof; that the defendant Clara Ritter was seated on the lap of one of the two men in question, and that she and the man on whose lap she was seated were jointly operating the car. None of plaintiff's witnesses, however, identified defendant Henry F. Umbricht as the man who was thus jointly engaged. Defendants' witnesses Bahnsen and Rohner, employees of Henry F. Umbricht, testified that they occupied the rear seat of said automobile; that it was operated solely by Clara Ritter; that Henry F. Umbricht was seated on the lap of his brother, Emil Umbricht, and that at no time during the trip in question did the parties on the front seat of the car change their respective positions. It was admitted by Henry F. Umbricht that he first operated an automobile six

to eight years prior to the trial, which was had January 4, 1915; that so far as he knew, his brother Emil never owned nor operated an automobile, and that the latter was a nonresident of Chicago.

GLENNON, CARY, WALKER & HOWE, for appellant; HOWARD T. BALLARD and SIDNEY C. MURRAY, of counsel.

GALLAGHER & MESSNER, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

AUTOMOBILE AND GARAGES, § 3*—*when evidence insufficient to support verdict.* In an action to recover for personal injuries alleged to have been caused by an automobile alleged to have been owned, managed and operated by defendant, evidence of defendant's operation or participation in the operation or ownership of the automobile, *held* insufficient to support a verdict against him.

---

### W. E. Fisher, Appellee, v. W. H. Dunn, Appellant.

### Gen. No. 21,337.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed July 20, 1916.

### Statement of the Case.

Action by W. E. Fisher, trading as W. E. Fisher & Company, plaintiff, against W. H. Dunn, defendant, to recover for goods sold and delivered. There was a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.